**FILED**
**CLERK**

12:00 pm, Jul 21, 2017

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

THE DIAMOND COLLECTION, LLC,

             Plaintiff,

      -against-

UNDERWRAPS COSTUME CORPORATION,

             Defendant.
---------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
17-cv-61 (ADS)(SIL)

## APPEARANCES:

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Plaintiff*
990 Stewart Avenue, Suite 300
Garden City, NY 11530
      By:    Lynn Marcy Brown, Esq.,
             Kevin Schlosser, Esq., Of Counsel

**Law Office of Bryan A. McKenna**
*Co-Counsel for the Defendant*
1270 Avenue of the Americas
16th Floor
New York, NY 10020
      By:    Bryan A. McKenna, Esq., Of Counsel

**Eisenberg Tanchum & Levy**
*Co-Counsel for the Defendant*
675 Third Avenue
New York, NY 10017
      By:    Stewart L. Levy, Esq., Of Counsel

**SPATT, District Judge:**

The Plaintiff the Diamond Collection, LLC (the "Plaintiff" or "Diamond") brought this action against the Defendant Underwraps Costume Corporation (the "Defendant" or "Underwraps"), asking for a declaratory judgment that Diamond has not infringed on any of Underwraps' claimed intellectual property; and seeking damages for claims of unfair competition, tortious interference with prospective advantage, and commercial defamation *per se*.

1

Presently before the Court is a motion by Underwraps to transfer this action to the Central District of California (the "CDCA") pursuant to 28 U.S.C. § 1404(a) and *forum non conveniens*. For the following reasons, Underwraps' motion is denied.

## I.  BACKGROUND

### A.  The Relevant Facts

The following facts are drawn from the first amended complaint (the "FAC") as well as the exhibits attached to the parties' memoranda. *See City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *3 (S.D.N.Y. Apr. 30, 2015) ("In deciding a motion to transfer, a court may consider material outside of the pleadings."); *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 737 n.1 (S.D.N.Y. 2013) ("[I]n deciding a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue.").

Diamond is a Delaware limited liability company with a principal place of business in Westbury, New York.  Underwraps has its principal place of business in California.  Underwraps has a showroom in New York, and does business in the state as well.

Both parties design, market and sell Halloween costumes.  The enmity between the parties emanates from one of Diamond's recent catalogs, as well as a trade show in New York attended by both parties in December 2016.  Underwraps claims that Diamond has been copying Underwraps catalogs, and has been selling Underwraps' costumes, sometimes with the Underwraps label still attached.

Although it is the Defendant in this action, Underwraps further claims that Diamond is not the true party in interest in this action.  Underwraps states that its quarrel is with an entity called Pizazz.  The parties disagree as to whether Pizazz is a subsidiary corporation or an unincorporated

2

division of Diamond.  The catalog at issue is titled "Pizazz! Party & Costumes," and at the bottom of the catalog's cover, Diamond's logo appears.  The back of the catalog lists an email address and a California mailing address below Diamond's logo, and is featured prominently on the back cover.  The Pizazz logo is on the bottom left; and at the bottom right the catalog notes that "Pizazz LLC is a division of the Diamond Corporation."  Diamond states that a "[a] simple check of the public Secretary of State business search records (in other words, basic due diligence) would have shown Defendant Underwraps' lawyer that The Diamond Collection, LLC is the legal entity and no 'Pizazz LLC' exists."  (Pl.'s Mem. in Opp. at 4).

In its FAC, Diamond states that "[t]he Diamond Catalog contained an editing error, erroneously identifying Pizazz as an 'LLC.'  [] [] Pizazz is a trade name, and it is not an LLC.  This editing error was inadvertently missed in the production process, and has since been corrected."  (FAC ¶¶ 30–33).  Oddly, even though Underwraps maintains that Pizazz is the true party in interest, Underwraps stated "Even though Pizazz's catalog states that Pizazz is an LLC, it is not an LLC or any other kind of company.  It is merely a 'DBA' of The Diamond Collection, which is why, presumably, The Diamond Collection has brought this action."  (Def.'s Mem. in Support at 4).

On December 21, 2016, counsel for Underwraps sent a letter to "Pizazz LLC[,] [a] Division of The Diamond Collection LLC."  (Pl.'s Ex. 1 to its FAC).  In the letter, Underwraps' counsel claimed that Diamond was producing and selling costumes whose designs were exclusively owned by Underwraps through intellectual property rights, and directed Diamond to cease production and sales of the costumes.  Counsel for Underwraps stated that "[w]hile Underwraps is not adverse to trying to resolve its myriad claims against Pizazz informally, please be assured that if it is unable

3

to do so, Underwraps will immediately file an action in federal court seeking an injunction, damages, including its lost profits and actual damages and its attorneys['] fees." (*Id.*).

On January 5, 2017, Diamond filed the instant lawsuit. On January 13, 2017, Underwraps filed a complaint in the CDCA against Pizazz (the "California action").

Although it is unclear when, at some point after Underwraps filed the California action, the parties attended a New Orleans trade show. During that trade show, Underwraps purportedly told potential customers of Diamond that Underwraps had filed a lawsuit against Diamond for infringement and Diamond would be unable to fill orders.

## B.  Relevant Procedural History

On January 5, 2017, Diamond filed the complaint in the instant lawsuit. The initial complaint only sought a declaratory judgment stating that Diamond had not and is not infringing on Underwraps' claimed intellectual property rights. Underwraps was served with the summons and complaint on January 11, 2017.

On January 13, 2017, two days after being served with the summons and complaint in the instant action, Underwraps filed a complaint in the CDCA against Pizazz. The full caption of the California action reads:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**-------------------------------------------------------------X**
UNDERWRAPS COSTUME CORPORATION, *a*
*California corporation*,

                      Plaintiff,                          2:17-cv-327

        -against-

PIZAZZ, LLC, *a division of the Diamond Collection,*
*LLC, a Delaware limited liability company;* and DOES
1 THROUGH 10, *inclusive*,

                      Defendants.
**-------------------------------------------------------------X**

In the California action, Underwraps brought several claims, each of which relate to Pizazz' alleged infringement of Underwraps claimed intellectual property rights.

On February 1, 2017, Underwraps filed a motion to transfer venue in the instant case to the CDCA pursuant to Section 1404(a) and the principle of *forum non conveniens*. The Underwraps' motion included two exhibits—a declaration from Payman Shaffa, the President of Underwraps; and the front and back covers of the Pizazz catalog.

On February 15, 2017, Diamond filed its FAC, purportedly with the consent of Underwraps—though the Court notes that no stipulation was filed. In its FAC, besides asking for a declaratory judgment, Diamond brought claims for unfair competition, tortious interference with prospective advantage, and commercial defamation *per se*.

Diamond also filed its memorandum in opposition to Underwraps' motion to transfer venue on February 15, 2017. Diamond included several exhibits with its memorandum of law—a declaration from Marc P. Beige ("Beige"), the President and sole member of Diamond; a copy of Underwraps' website page listing a New York showroom location; a declaration from Kevin Schlosser, counsel for Diamond; a copy of the complaint from the California action and notice of pendency; copies of emails sent between the parties; and a copy of the December 21, 2016 letter from counsel for Underwraps.

On February 24, 2017, Underwraps filed its reply memorandum of law and attached additional exhibits: another declaration from Shaffa; front and back copies of the Pizazz catalog; articles from industry papers which state that Pizazz is a division of Rubies; a Pizazz order form, which has the Diamond logo and an email address for a Diamond employee; a profile of another company Charades LLC, which lists Pizazz as one of its brands; a webpage of a witness, Houston

Galaxy Fireworks; and the home page of the website for Rubies Costume Company, which lists neither Pizazz nor Diamond.

## II.  DISCUSSION

### A.  The Legal Standard

While Underwraps styles its motion as a "motion pursuant to 28 U.S.C. §1404(a) to transfer venue based on *forum non conveniens*," (Pl.'s Mem in Support at 1), "§ 1404(a) transfers are different than dismissals on the ground of *forum non conveniens*."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 n.8, 187 L. Ed. 2d 487 (2013) ("Unlike a § 1404(a) motion, a successful motion under *forum non conveniens* requires dismissal of the case." (internal citation omitted)).  As Underwraps only addressed the factors related to a Section 1404 transfer; did not request that the complaint be dismissed; and did not address any of the factors related to a dismissal on the ground of *forum non conveniens*, *see generally Piper Aircraft*, 454 U.S. at 241, the Court will assume that Underwraps mistakenly included the phrase "*forum non conveniens*."

Section 1404 allows for transfer to any "district or division" where the action might have been brought.  Such transfer is allowed "for the convenience of the witnesses or parties and in the interests of justice."  28 U.S.C. § 1404(a).  The burden on such a motion is on the party seeking transfer,  *Longo v. Wal–Mart Stores, Inc.,* 79 F. Supp. 2d 169, 170–71 (E.D.N.Y. 1999), and its burden is clear and convincing evidence, *Pecorino v Vutec Corp.*, 934 F. Supp. 2d 422, 429 (E.D.N.Y. 2012) (Spatt, J.).

When considering whether the discretion to transfer should be exercised, the Court considers first whether venue is proper in the proposed transferee district.  *Longo*, 79 F. Supp. 2d

6

at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.,* 913 F. Supp. 712, 720 (E.D.N.Y. 1996); *see* 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether transfer will serve the convenience of witnesses and parties and is in the interests of justice.

To make this latter determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. *See, e.g., Blass v. Capital Int'l. Security Grp.,* No. 99–cv–5738, 2001 WL 301137, at *4 (E.D.N.Y. March 23, 2001); *Longo,* 79 F. Supp. 2d at 171.

**B. Application to the Facts**

**1. As to Whether the Instant Action Could Have Been Brought in the CDCA**

Diamond does not address this preliminary issue in its memorandum in opposition, so the Court presumes that Diamond does not contest that this action could have been brought in the CDCA. Indeed, Underwraps did bring a parallel action in that district. Therefore, Underwraps is able to clear this initial hurdle.

The applicable venue statute is 28 U.S.C. § 1391, which provides, in relevant part in subsection (b) that: "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." A defendant entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(d).

Underwraps lives in the CDCA. Therefore, venue would be proper in the CDCA, and the Court will address the factors to determine whether transfer would serve the convenience of witnesses and parties and is in the interests of justice.

## 2. As to the Factors

Before addressing the factors individually, the Court must broadly address Underwraps' arguments. As to each of the factors, Underwraps asks the Court to consider the locus of operations of Pizazz  The Court declines to do so. Diamond is the Plaintiff in this action. Even if Pizazz were a separate entity and corporation, which it does not appear to be, Diamond is the entity who brought this action.

The only case cited by Underwraps in support of its request that the Court consider Pizazz the party in interest is *Royal Indus. Ltd. v. Kraft Foods, Inc.*, 926 F. Supp. 407 (S.D.N.Y. 1996), where the court considered the location of an unincorporated division of defendant Kraft Foods in denying Kraft Foods' motion for dismissal based on *forum non conveniens*. However, in that case, the court looked to the unincorporated division of the *defendant's* because the court did not wish to disturb the *plaintiff's* choice of forum. *Id.* at 417. Here, the Defendant is asking the Court to consider an unincorporated division of the Plaintiff's in order to disturb the Plaintiff's choice of forum. "The plaintiff's choice of forum is generally entitled to deference, unless the forum chosen is not the plaintiff's home forum." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014) (Spatt, J.) (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008)). The Plaintiff, Diamond, does reside in this forum. Furthermore, Royal Indus. is distinct from this case because the defendant moved to dismiss based on *forum non conveniens*.

8

Underwraps is, in effect, asking the Court to find that the Plaintiff Diamond is not really the "plaintiff," or true complaining party in interest. However, such a holding would be contrary to many of the central tenets of the American judicial system.

Therefore, the Court will not consider Pizazz as the sole prosecuting party in interest when analyzing the factors, but will take the location of those Diamond employees who work in the Pizazz division into account, as well as any relevant evidence that would be located at the Pizazz offices in California.

### a. The Convenience of the Witnesses and Parties, and the Locus of Operative Facts, Relevant Documents and Other Sources of Proof

Diamond is based in New York. Underwraps is located in California, and states that all of its records are in California. Furthermore, Underwraps claims that the fact that Pizazz' location is in California, where its principal officers Sean Monahan and Charlie Santilena reside, supports a transfer. It claims, without evidence, that these officers would have knowledge of the catalog.

However, Beige, the President and sole member of Diamond, stated in his affidavit that the costumes featured in the Pizazz catalog at issue were designed in Westbury, New York. Further, he states that he was one of the people who designed the costumes. Beige listed approximately 30 people who were involved with the design of the costumes; photographed the models in the costumes; created the graphics and catalogs; and developed and produced the costumes who are "either employed by Diamond or its affiliates, or work[] in this [] [] [d]istrict." (Beige Decl. ¶ 17).

There is a dispute as to the locus of operative facts. Indeed, as the dispute stems from the publication of a catalog that was designed in New York and seemingly printed in California; as well as displays at trade shows in New York and in New Orleans, there are several relevant locations. Nevertheless, it appears that a plurality of operative facts occurred in New York—the

9

design of the costumes in the Pizazz catalog, as well as the catalog itself; and the New York trade show that triggered the letter from Underwraps' counsel to Pizazz.

Underwraps even concedes that the fact that there are witnesses possibly throughout the country does not favor transfer, because "accessibility of these witnesses is probably equally as convenient whether this action is brought in New York or California." (Pl.'s Mem. in Support at 7).

Therefore, these factors do not weigh in favor of transfer.

### b.  Availability of Process to Compel the Attendance of Unwilling Witnesses

Diamond avers that many of the out-of-state witnesses are employed by the parties, and that there are many witnesses who reside in New York. The Court assumes that among those out of state witnesses are Sean Monahan and Charlie Santilena and the other Pizazz employees, namely, the California witnesses repeatedly referred to by Underwraps.

Underwraps points to potential witnesses in Louisiana and Texas as examples of persons who would not be subject to the subpoena power of this Court. However, the subpoena power of the CDCA would be similarly impotent in bringing witnesses in from those states.

Therefore, this factor does not favor transfer, as neither the CDCA nor the EDNY can compel the attendance of unwilling witnesses who do not work for either party and who reside outside of the reach of either jurisdiction.

### c.  Relative Means of the Parties

While Underwraps alleges that Diamond's financial resources are far greater than its resources, the Court notes that Underwraps has retained two attorneys in this action, and apparently has counsel in California as well. Even if Diamond's resources are greater than Underwraps',

"this factor is not entitled to great weight where plaintiff and defendant are both corporations." *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 331 (S.D.N.Y. 1998) (internal citation omitted).

It is noteworthy that here, instead of asking the Court to focus on Pizazz, which is a division of Diamond, which is allegedly "part of the Rubies' [Costume Company] conglomerate," (Def.'s Mem. of Law in Support at 7), Underwraps asks the Court to analyze Rubies' financial resources. That is, apparently, when it is convenient for Underwraps, it asks the Court to not consider Pizazz as an entity unto itself, but when it is inconvenient for Underwraps, it asks the Court to consider it as part of a larger corporate entity, or even as a conglomerate.

For its part, Diamond states that it "is a relatively new company, in the early stages of launching a costume product line, including under the trade name Pizazz." (Beige Decl. ¶ 6).

There is no documentary evidence of the parties' respective financial resources. Furthermore, both parties are corporations. Underwraps has not shown that it is unduly burdened by appearing in the EDNY. Therefore, this factor does not favor transfer.

### d. Relative Familiarity of the Forum with the Governing Law

This district and this Court are familiar with federal intellectual property law, as well as New York common law. Therefore, this factor does not weigh in favor of transfer.

### e. Weight Accorded to the Plaintiff's Choice of Forum

While the Court is mindful that Section 1404(a) protects litigants from needless inconvenience and costs, *Castaneira v. Gannon,* No. 99–cv–4236, 1999 WL 1487630, at *3 (E.D.N.Y. Dec. 16, 1999), a plaintiff's choice of forum must be given deference and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. *See Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014) (Spatt, J.) ("The plaintiff's choice of forum is generally entitled to deference, unless the forum chosen is not

the plaintiff's home forum.") (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008)); *Innovations Enter. Ltd. v. Haas–Jordan Co.,* No. 99–cv–1681, 2000 WL 263745, at *2 (E.D.N.Y. Jan. 4, 2000); *R. Siskind & Co., Inc. v. Ashworth, Inc.*, No. 95–cv–7707 1996 WL 167722, at *4 (S.D.N.Y. Apr. 10, 1996).   Where transfer would merely shift the inconvenience from one party to the other, a plaintiff's choice of forum is not to be disturbed. *Innovations Enter.,* 2000 WL 263745 at *2.

Underwraps claims that Diamond's choice of forum should be afforded less deference because Pizazz does not reside in this forum.  As stated above, Diamond is the Plaintiff in this action.  As the EDNY is Diamond's home forum, it is entitled to great deference.  *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 71 (2d Cir. 2001) (en banc).  Underwraps' motion asks the Court to shift the inconvenience of distance from them to Diamond, the plaintiff in the instant action.  The Court declines to do so.

Therefore, this factor weighs heavily against transferring the case to the CDCA.

### i.  The Interests of Justice

Neither party addresses this factor, and the Court does not believe this factor is implicated in the present case.

### III.  CONCLUSION

Therefore, in the Court's view, none of the factors weigh in favor of transferring this case to the CDCA.  Accordingly, Underwraps motion to transfer this case pursuant to Section 1404(a) is denied.

It is **SO ORDERED:**

Dated:  Central Islip, New York

July 21, 2017

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge