**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
THE DIAMOND COLLECTION, LLC,

                 Plaintiff,                 **MEMORANDUM OF**
                                                                **DECISION & ORDER**
            -against-                  2:17-cv-00061 (ADS)(SIL)

UNDERWRAPS COSTUME CORPORATION,

                 Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Plaintiff*
990 Stewart Avenue, Suite 300
Garden City, NY 11530
      By:    Lynn Marcy Brown, Esq.,
               Kevin Schlosser, Esq., Of Counsel

**Law Office of Bryan A. McKenna**
*Co-Counsel for the Defendant*
1270 Avenue of the Americas
16th Floor
New York, NY 10020
      By:    Bryan A. McKenna, Esq., Of Counsel

**Eisenberg Tanchum & Levy**
*Co-Counsel for the Defendant*
675 Third Avenue
New York, NY 10017
      By:    Stewart L. Levy, Esq., Of Counsel

**SPATT, District Judge:**

        The Plaintiff the Diamond Collection, LLC (the "Plaintiff" or "Diamond") brought this action against the Defendant Underwraps Costume Corporation (the "Defendant" or "Underwraps"), asking for a declaratory judgment that Diamond has not infringed on any of Underwraps' claimed intellectual property; and seeking damages for claims of unfair competition, tortious interference with prospective advantage, and commercial defamation *per se*.

1

Presently before the Court is a motion by the Plaintiff to dismiss the Defendant's counterclaims pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6). For the following reasons, the Plaintiff's motion is granted in its entirety. The Defendant, pursuant to its request, is granted leave to replead all of its counterclaims, save those claims brought pursuant to the New York General Business Law.

## I. BACKGROUND

### A. The Relevant Facts

The following facts are drawn from the Defendant's answer, and for the purposes of the instant motion, are presumed to be true.

The Defendant is a California corporation, and the Plaintiff is a New York corporation. Both parties design, market and sell Halloween costumes. The enmity between the parties emanates from one of the Plaintiff's recent catalogs, as well as a trade show both parties attended in New York in December 2016.

At that trade show, the Plaintiff allegedly distributed a catalog, called Pizazz, with products that are identical or substantially similar to those marketed and distributed by the Defendant. The Defendant's catalog was "readily available to [the Plaintiff]." (Def.'s Answer ¶ 151). The Defendant owns a copyright in the Underwraps Catalog, Registration No. VA 2-060-874.

The Plaintiff's catalog contains approximately thirty (30) costumes which are purportedly identical or substantially similar to costumes marketed and sold by the Defendant. The Defendant owns copyrights to several patterns, and it claims that the Plaintiff's costumes infringe those copyrights. The Defendant provided the following table:

| [The Defendant's] Copyrights | [The Plaintiff's Costumes and] Infringements (with page references to Pizazz Catalog) |
|---|---|
| Full Skeleton Suit Print – VA 2-047-238 | Dead Bones (3), Mr. Bones (4) |

| | |
|---|---|
| Skeletal Bones Print – Application pending | Skeletal (4), Señor Muerto (8), Queen Corpse (8), Queen of the Dead (9), Skull Mob (10), Bad to the Bone (10), White Skeleton Poncho (86) |
| Skull Material [pattern] – VA 2-047-265 | Skull Queen (5), Skull Hunter (5), Soul Catcher (5), Skull King (84), Bone Queen (93) |
| Lace Poncho Skeleton [pattern] – VA 2-047-251 | Queen Corpse (8), Queen of the Dead (9), Black Skull Poncho (86), White Skeleton Poncho (86) |
| Dia de los Muertos Material Pattern – VA 2-047-234 | Señor Muerto (8), Queen Corpse (8), Queen of the Dead (9) |
| Skull and Crown Material – Application pending | Skulltress (11) |
| Killer Clown Material – Application pending | Freak Show (11) |
| Evil Harlequin [pattern] – VA 2-047-242 | Wicked (12) |
| Chain Mail Repeat Pattern – Application pending | Knight's Tale (14), All Knight (15) |
| Knight Lion Print – Application pending | Knight's Tale (14), All Knight (15) |
| [Photo Real Graphics] Underworld VA 2-046-593 | Flaming Demon (70) |

(*Id.* ¶ 153).

Of note, the Defendant's answer does not describe any of the copyrighted patterns listed above, or any of the Plaintiff's costumes listed above, in any way. The Court is left to speculate as to what these patterns and costumes look like. In that way, the answer does not describe how the Plaintiff's costumes are substantially similar to the Defendant's copyrighted patterns. Furthermore, the answer does not describe how the Plaintiff's catalog is substantially similar to the Defendant's catalog.

**B. Relevant Procedural History**

On January 5, 2017, Diamond filed the complaint in the instant lawsuit. The initial complaint only sought a declaratory judgment stating that Diamond had not and is not infringing

3

on Underwraps' claimed intellectual property rights. Underwraps was served with the summons and complaint on January 11, 2017.

On January 13, 2017, two days after being served with the summons and complaint in the instant action, Underwraps filed a complaint in the Central District of California (the "CDCA") against Pizazz.

On February 1, 2017, Underwraps filed a motion to transfer venue in the instant case to the CDCA pursuant to Section 1404(a) and the principle of *forum non conveniens*.

On February 15, 2017, Diamond filed its first amended complaint (the "FAC"), purportedly with the consent of Underwraps—though the Court notes that no stipulation was filed. In its FAC, besides asking for a declaratory judgment, Diamond brought claims for unfair competition, tortious interference with prospective advantage, and commercial defamation *per se*.

On July 21, 2017, the Court denied the Defendant's motion to transfer venue. At some point, the Defendant voluntarily dismissed the CDCA action without prejudice.

On August 28, 2017, the Defendant filed its answer to the first amended complaint, which contains counterclaims for copyright infringement; trade dress infringement under the Lanham Act, 16 U.S.C. §1051 et seq., (the "Lanham Act") and the New York General Business Law Section 360-l; false designation of origin under the Lanham Act and the New York State General Business Law Section 360-l; unfair competition under the Lanham Act and the New York General Business Law Section 360-l; trademark dilution under the Lanham Act and the New York General Business Law section 360-l; false endorsement under the Lanham Act; deceptive practices under the New York General Business Law Section 349; misappropriation; and common law trademark infringement.

The Defendant seeks injunctive relief; damages; declaratory relief; and attorneys' fees and costs.

On September 18, 2017, the Plaintiff filed the instant motion to dismiss the Defendant's counterclaims pursuant to Rule 12(b)(6).

## II. DISCUSSION

### A. The Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

5

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Revonate Mfg., LLC v. Acer Am. Corp.,* No. 12 Civ. 6017, 2013 WL 342922, at *2 (S.D.N.Y.Jan.18, 2013) (quoting *Netrix Leasing, LLC v. K.S. Telecom, Inc.,* No. 00 Civ. 3375 (KMW), 2001 WL 228362, at *8 (S.D.N .Y. Mar. 7, 2011)).

**B. As to the Defendant's Exhibits**

As stated above, the Defendant's answer did not state how the Plaintiff's costumes were substantially similar to the Defendant's copyrighted patterns. Indeed, the answer does not give a description of any of the patterns or costumes.

However, in an exhibit annexed to their memorandum in opposition, the Defendants included four pages from their catalog, and four pages from the Plaintiff's Pizazz catalog. The pages purportedly show several of the Defendant's costumes, and the analogous costumes marketed by the Plaintiff that are substantially similar. The Court notes that the Defendant did not state that the pictures of the Defendant's costumes represent the Defendant's copyrighted patterns. The Defendant also supplied a screen shot of a search for "bone chillin" from Amazon.com. In regard to that exhibit, the Defendant did state that their Bone Chillin costume depicts the Full Skeleton Suit copyrighted design. The Plaintiff objects to these exhibits on the ground that they were not part of the Defendant's pleadings.

"Courts in this Circuit have made clear that a [party] may not shore up a deficient [pleading] through extrinsic documents submitted in opposition to a [party's] motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010)

(collecting cases); *see also Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 609 (E.D.N.Y. 2017) (same); *Frederick v. Jetblue Airways Corp.*, No. 14CV7238DLIRER, 2016 WL 1306535, at *5 (E.D.N.Y. Mar. 31, 2016) (same), *aff'd*, 671 F. App'x 831 (2d Cir. 2016); *Kpaka v. City Univ. of New York*, No. 14-CV-6021 RA, 2015 WL 4557331, at *1 n.3 (S.D.N.Y. July 28, 2015) (same).

The Defendant, as a represented party, should have attached the exhibits to its answer, not to its opposition to the motion to dismiss. *See Stinnett*, 278 F. Supp. 3d at 609 ("[A]s a represented party, Plaintiff should have attached [the exhibits] to her amended complaint, not her opposition to the motion to dismiss." (internal citation omitted)); *Frederick*, 2016 WL 1306535, at *5 (same) (internal citations omitted); *cf. Walker*, 717 F.3d at 122 n.1 ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion.").

Furthermore, the Court declines to convert the motion into one for summary judgment as there has not yet been any discovery in this case. *See Madu, Edozie & Madu*, 265 F.R.D. at 124 ("The Court also declines to convert the instant motion into a motion for summary judgment since discovery has not yet commenced." (citing *Davidson v. Citicorp/Citibank,* No. 90 Civ. 0941, 1990 WL 176426, at *2 (S.D.N.Y. Nov. 8, 1990))). However, as stated below, the Court grants the Defendant leave to amend the answer, and therefore the Defendant will be able to attach these exhibits to the amended answer.

Accordingly, the Court does not consider the Defendant's exhibits in deciding the motion to dismiss.

**C. Application to the Defendant's Claims**

    **1. The Defendant's Copyright Infringement Claim**

        **a. The Relevant Law**

To successfully plead a claim for copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI,* 193 F.3d 92, 99 (2d Cir. 1999)); *see also Palmer Kane LLC v. Scholastic Corp.,* No. 12 Civ. 3890, 2013 WL 709276, at *2 (S.D.N.Y. Feb. 27, 2013) (stating that a plaintiff must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." (quoting *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35 (S.D.N.Y. 1992))), *aff'd*, 23 F.3d 398 (2d Cir. 1994).

Rule 8 of the Federal Rules of Civil Procedure "requires that the alleged infringing acts be stated with some specificity." *Palmer Kane*, 2013 WL 709276, at *2 (citing *Kelly,* 145 F.R.D. at 36, n.3). In order to provide the defendant with notice of the claims against it, a plaintiff "may not rest on bare-bones allegations that infringement occurred." *Id.* (quoting *Sharp v. Patterson,* No. 03 Civ. 8772, 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004)).

        **b. As to the Sufficiency of the Defendant's Counterclaims for Copyright Infringement**

The parties spend much of their time arguing whether this Court should follow those cases which permit a party to bring an action for copyright infringement where the party has filed an application for copyright protection, but that application has not yet been approved. However, the

8

Court need not reach that analysis, because as stated above, the Defendant has not alleged how the Plaintiff's costumes or catalog infringe on their copyrights other than stating, in a conclusory fashion, that they are identical or substantially similar.

> As the Court said in *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425 (S.D.N.Y. 2012):
>
> Post-*Iqbal,* the courts in this Circuit considering motions to dismiss copyright claims have held that a plaintiff with a valid copyright must allege that "(1) defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." *LaChapelle v. Fenty,* 812 F. Supp. 2d 434, 438 (S.D.N.Y. 2011). Thus, even assuming Aghjayan copied Ritani's work, the failure to plead facts regarding how the rings are "substantially similar," including identifying the protectable elements of the works as part of its claim, will result in the dismissal of the copyright claim.

*Id.* at 441–42. The Defendant has not even described its own copyrighted patterns. The Court is left to speculate what the Defendant's copyrighted "Lace Poncho Skeleton" pattern, or any other copyrighted pattern, looks like, and how any of the patterns in the Plaintiff's costumes are substantially similar to the Defendant's patterns. In the same way, the Defendant did not describe its catalog or the Plaintiff's catalog, or supply a copy of either with its answer. Simply stating that the costumes were "identical or substantially similar" is a legal conclusion that this Court need not accept as true. *See Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Twombly,* 550 U.S. at 555, 127 S. Ct. 1955)).

Furthermore, the Defendant is incorrect that the Court cannot resolve this question at the motion to dismiss stage. As the Second Circuit has said,

> where . . . the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation. If, in making that evaluation, the district court determines that the two works are "not substantially similar as a matter of law," *Kregos v. A.P.,* 3 F.3d 656, 664 (2d Cir. 1993), the district court can

> properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not "plausibly give rise to an entitlement to relief." *Iqbal,* 129 S. Ct. at 1950.

*Peter F. Gaito Architecture*, 602 F.3d at 64 (further internal citations omitted). However, the Court cannot even begin to make that evaluation because the Defendant has neither described the patterns at issue nor has it supplied photographs of those patterns to the Court.

Therefore, the Defendant has failed to state a claim for copyright infringement upon which relief can be granted. Accordingly, the Plaintiff's motion to dismiss the Defendant's counterclaims for copyright infringement is granted.

### 2. The Defendant's Trade Dress Infringement Under the Lanham Act Claims

#### a. The Relevant Law

To state a claim for trade dress infringement, a plaintiff must plausibly allege 1) that it owns the trade dress, "[2] that the mark is distinctive as to the source of the good; [3] a likelihood of confusion between its good and the defendant's; and, [4] that the trade dress is not functional." *Vedder Software Grp. Ltd. v. Ins. Servs. Office, Inc.,* 545 F. App'x 30, 33 (2d Cir. 2013) (summary order) (citing *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115–16 (2d Cir. 2001)); *see also Sherwood 48 Assocs. v. Sony Corp. of Am.,* 76 F. App'x 389, 391 (2d Cir. 2003) (summary order).

Here, the Defendant claims that it owns trade dress in the designs of certain patterns, costumes, and catalogs. Courts "exercise particular caution when extending protection to product designs." *Yurman*, 262 F.3d at 114 (internal quotation marks and citation omitted). Indeed, "product design almost invariably serves purposes other than source identification." *Wal–Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 213, 120 S. Ct. 1339, 146 L. Ed. 2d 182 (2000) (noting that "even the most unusual of product designs—such as a cocktail shaker shaped like a penguin—is intended not to identify the source, but to render the product itself more useful or

more appealing"); *see also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 380 (2d Cir. 1997) ("[G]ranting trade dress protection to an ordinary product design would create a monopoly in the goods themselves. For this reason, courts have exercised particular caution when extending protection to product designs." (internal citations omitted)); *Nat'l Lighting Co. v. Bridge Metal Indus., LLC,* 601 F. Supp. 2d 556, 561 (S.D.N.Y. 2009) ("[C]ourts have been reluctant to extend trade dress protection to a product's design (as opposed to its packaging)."); *Restatement (Third) of Unfair Competition* § 16 cmt. b at 159 (1995) ("Product designs are more likely to be seen merely as utilitarian or ornamental aspects of the goods.").

Because of the concerns about affording trade dress to a product design, a plaintiff claiming trade dress in a product design must prove secondary meaning. That is, a plaintiff must show that "in the minds of the public, the primary significance of the mark is to identify the source of the product rather than the product itself." *Yurman,* 262 F.3d at 115 (brackets omitted). A plaintiff must also offer "a precise expression of the character and scope of the claimed trade dress." *Landscape Forms,* 113 F.3d at 381.

'To determine whether secondary meaning has attached, the court considers six factors: '(1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and (6) length and exclusivity of the mark's use.'" *Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 F. App'x 615, 618 (2d Cir. 2008) (summary order) (quoting *Mana Prods., Inc. v. Columbia Cosmetics Mfg., Inc.,* 65 F.3d 1063, 1070 (2d Cir. 1995) (further citations omitted)).

### b. As to the Sufficiency of the Defendant's Trade Dress Claims

Here too, the Defendant has failed to plead anything in support of its claims other than bare legal assertions. The Court need not reach the issue of whether secondary meaning or likelihood

11

of success can properly be adjudicated at the motion to dismiss stage, *compare A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 213 (S.D.N.Y. 2015) (finding that both elements are fact intensive, and best left to the summary judgment stage) *with Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 597–601 (E.D.N.Y. 2017) (dismissing the plaintiff's Lanham Act claims for, *inter alia*, failing to allege sufficient facts to demonstrate secondary meaning), because the Defendant has failed to describe its trade dresses in any way, *see Landscape Forms,* 113 F.3d at 381 (stating that a plaintiff must offer "a precise expression of the character and scope of the claimed trade dress").

A claim for trade dress infringement requires the Defendant to articulate the "specific elements which comprise its distinct dress." *Carson Optical, Inc. v. Prym Consumer USA, Inc. "Carson Optical II")*, 11 F. Supp. 3d at 346 (citing *Landscape Forms,* 113 F.3d at 381); *see also Sherwood 48 Assocs.,* 76 F. App'x at 392 ("The Property Owners have not identified their purportedly protectable trade dress with precision."); *Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 CV 1657 (JG), 2006 WL 3335008, at *4 (E.D.N.Y. Nov. 17, 2006) ("Plaintiff must therefore articulate the elements of their product design with specificity to be afforded trade dress protection."). This requirement helps "assist in winnowing out claims that are overbroad as a matter of law." *Yurman,* 262 F.3d at 117. "Moreover, a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of generality, *i.e.,* the claimant seeks protection for an unprotectable style, theme or idea." *Landscape Forms*, 113 F.3d at 381. Here, the Defendant has completely failed to fulfill that requirement.

When amending its answer, the Defendant should note that courts have found that where a claimant "intend[s] to rely exclusively on [] photographs, the articulation [is] not [] sufficient, as

it must ultimately point[] to the distinctive elements." *Classic Touch Decor, Inc. v. Michael Aram, Inc.*, No. 15-CV-453 NGG RLM, 2015 WL 6442394, at *5 n.2 (E.D.N.Y. Oct. 23, 2015) (internal citation and quotation marks omitted); *see also Carson Optical, Inc. v. Prym Consumer USA, Inc.* ("*Carson Optical I* "), No. CV 11–3677(ARL), 2013 WL 1209041, at *15 (E.D.N.Y. Mar. 25, 2013) ("[I]mages alone do not satisfy the plaintiff's obligation to articulate the distinctive features of the trade dress." (quoting *Heller Inc. v. Design Within Reach, Inc.,* 2009 WL 2486054, at *6 (S.D.N.Y. 2009))).

Therefore, as the Defendant has failed to "articulate any distinctive, protectable features of the [patterns, costumes, or catalogs]," it has failed to "point to the elements and features that distinguish its trade dress." *Eliya, Inc. v. Kohl's Corp.*, No. CV 15-2123(JFB)(GRB), 2016 WL 929266, at *5 (E.D.N.Y. Feb. 22, 2016) (internal citations and quotation marks omitted), *report and recommendation adopted*, No. 15CV2123JFBGRB, 2016 WL 929321 (E.D.N.Y. Mar. 9, 2016). Accordingly, the Plaintiff's motion to dismiss the Defendant's counterclaims for trade dress infringement under the Lanham Act is granted.

### 3. The Defendant's Counterclaims for False Designation of Origin, Unfair Competition, and Trademark Dilution under the Lanham Act, and for Trademark Infringement under New York Common Law

#### a. The Relevant Law

"Courts employ substantially similar standards when analyzing claims for trademark infringement under the Lanham Act . . . ; false designation of origin under the Lanham Act . . . ; trademark infringement under New York common law; and unfair competition under New York common law." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 301 (E.D.N.Y. 2014) (Spatt, J.) (citing *Richemont N. Am., Inc. v. Huang,* No. 12 Civ. 4443(KBF), 2013 WL 5345814, at *5 n.15 (S.D.N.Y. Sept. 24, 2013)); *see also Richemont N. Am.*, 2013 WL 5345814 at *5 n.15 (S.D.N.Y.

Sept. 24, 2013) ("Count III is for unfair competition under Section 43(a) of the Lanham Act, and requires an identical test to that for infringement."); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002) ("[T]he standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C. § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 1114).").

That standard is the same as the one employed for Lanham Act trade dress claims. *See Paddington Corp. v. Attiki Importers & Distributors, Inc.*, 996 F.2d 577, 582 (2d Cir. 1993) (stating that claims for trademark or trade dress infringement are analyzed under the same standard (internal citations omitted)).

Therefore, the Defendant's counterclaims for false designation of origin and unfair competition under the Lanham Act and trademark infringement under New York common law are analyzed in the same way as its Lanham Act trade dress claims.

"To prevail on a federal trademark dilution claim, a plaintiff must prove that (1) its mark is famous and distinctive, (2) its mark is used in commerce by the defendant, and (3) the defendant's use is likely to cause dilution through either 'blurring' or 'tarnishment.'" *Boarding School Review, LLC v. Delta Career Educ. Corp.,* No. 11 Civ. 8921(DAB), 2013 WL 6670584, at *6 (S.D.N.Y. Mar. 29, 2013) (citing 15 U.S.C. § 1125(c)(1)).

### b. As to the Sufficiency of the Defendant's Counterclaims for False Designation of Origin and Unfair Competition under the Lanham Act

As the Defendant has failed to allege how its marks are distinctive, the Defendant has failed to state claims for false designation of origin, unfair competition, or trademark dilution under the Lanham Act, and for trademark infringement under New York common law upon which relief can be granted. Accordingly, the Plaintiff's motion to dismiss those counterclaims is granted.

### 4. The Defendant's Counterclaims Brought Pursuant to N.Y. Gen. Bus. Law Section 360-l

#### a. The Relevant Law

The Defendant brings counterclaims for trade dress infringement, trademark dilution, and unfair competition pursuant to Section 360-l of the New York General Business Law; and for deceptive practices pursuant to Section 349 of the New York General Business Law.

The Court need not address the various standards governing these claims because "where a plaintiff can only plead facts to allege harm from copying, a claim under section 360–*l* should be considered preempted." *Eyal R.D. Corp. v. Jewelex New York Ltd.*, 784 F. Supp. 2d 441, 449 (S.D.N.Y. 2011). In the same way, "the prevailing view in the Second Circuit is that 'trademark infringement claims are not cognizable under [N.Y. GEN. BUS. LAW] § 349 unless there is specific and substantial injury to the public interest over and above the ordinary trademark infringement.'" *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.,* 887 F. Supp. 2d 519, 543 (S.D.N.Y. 2012) (quoting *MyPlayCity, Inc. v. Conduit Ltd.,* No. 10 Civ. 1615(CM), 2012 WL 1107648, at *15 (S.D.N.Y. Mar. 30, 2012) (internal ellipse and brackets omitted)).

#### b. As to the Sufficiency of the Defendant's Counterclaims Brought Pursuant to the N.Y. Gen. Bus. Law

The Defendant's counterclaims brought pursuant to the N.Y. GEN. BUS. LAW are all preempted by federal trademark and copyright law. The Defendant does not plead any specific facts, and its conclusory allegations that supposedly support these claims solely relate to the Plaintiff's alleged copying of their purported intellectual property rights. Therefore, the claims are all preempted. *See Bubble Genius*, 239 F. Supp. 3d at 604 (dismissing claims brought pursuant to Section 360 where the claims were solely based on the defendant's alleged copying of its design); *Eyal*, 784 F. Supp. 2d at 446, 449 (S.D.N.Y. 2011) (dismissing claim brought pursuant to N.Y.

GEN. BUS. LAW § 360–l because the basis for the claim was the copying of plaintiff's trade dress); *Van Praagh*, 993 F. Supp. 2d at 306 (dismissing Section 349 claims where they were based solely on the defendant's alleged trademark infringement). "Claims that arise out of a trademark infringement action, and disputes between competitions where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect a public harm that is too insubstantial to satisfy the pleading requirements of § 349." *Gucci America, Inc. v. Duty Free Apparel Ltd.,* 277 F. Supp. 2d 269, 272–73 (S.D.N.Y. 2003) (collecting cases).

Accordingly, the Plaintiff's motion to dismiss the Defendant's counterclaims brought pursuant to the New York General Business Law is granted. As the Court sees no path forward for the Defendant on these claims because it will be unable to plead that the public has suffered harm separate and apart from the Plaintiff's alleged copying, those claims are dismissed with prejudice.

### 5. The Defendant's Counterclaims for Misappropriation of Skill and Labor

The Plaintiff moved to dismiss the Defendant's sixth counterclaim, for misappropriation of skill, labor and expenditures. (Pl.'s Mem. in Supp. of Mot. to Dismiss at 22–23). The Defendant did not respond in any way to this portion of the Plaintiff's motion. Accordingly, the Defendant's sixth counterclaim for misappropriation of skill, labor and expenditures is deemed abandoned. *See Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08–CV–442 (TPG)(FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . , a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *Martinez v. Sanders*, No. 02 Civ. 5624, 2004 WL 1234041, at *2–3 (S.D.N.Y. June 3, 2004) (finding that plaintiff's failure to oppose dismissal of certain claims, enabled the court to

deem them abandoned); *see also Devito v. Smithkline Beecham Corp.*, No. 02 Civ. 0745, 2004 U.S. Dist. LEXIS 27374, at *14 (N.D.N.Y. Nov. 29, 2004) (noting that plaintiff's lack of response amounted to a concession).

In any event, the Defendant has not plead sufficient facts to sustain this claim. A misappropriation claim is the same as an unfair competition claim under New York law. *See Coca-Cola N. Am. v. Crawley Juice, Inc.*, Nos. 09 CV 3259(JG)(RML), 09 CV 3260(KAM)(RML), 09 CV 3279(ERK)(RML), 2011 WL 1882845, at *6 (E.D.N.Y. May 17, 2011) ("Under New York law, the essence of an unfair competition claim is that 'the defendant has misappropriated the labors and expenditures of another' and has done so in bad faith." (quoting *Saratoga Vichy Spring Co. v. Lehman,* 625 F.2d 1037, 1044 (2d Cir. 1980))).

The Defendant has not alleged any facts demonstrating that it spent any skill or labor in developing these patterns. Furthermore, the Defendant's common law unfair competition counterclaim fails for the same reason that its Lanham Act claims fail: the Defendant has not established ownership of a distinctive, nonfunctional trade dress. *See Car–Freshner Corp. v. D & J Distrib. & Mfg., Inc.*, No. 14-CV-391 PKC, 2015 WL 3385683, at *9 (S.D.N.Y. May 26, 2015) (holding that the common law unfair competition claim failed because plaintiff had not established a distinctive, nonfunctional trade dress); *Heptagon Creations, Ltd. v. Core Group Marketing LLC*, No. 11 Civ. 01794(LTS)(AJP), 2011 WL 6600267, at *9 (S.D.N.Y. Dec. 22, 2011) ("In New York, a common law unfair competition claim is identical to a Lanham Act claim, save for the additional requirement that plaintiff show defendant's bad faith."); *Eyal*, 784 F. Supp. 2d at 448 (requiring, for a common law trade dress infringement claim, that the plaintiff prove distinctiveness and non-functionality); *Elements/Jill Schwartz, Inc. v. Gloriosa Co.*, No. 01 Civ. 904(DLC), 2002 WL 1492197, at *7 (S.D.N.Y. July 15, 2002) ("There being no trade dress that qualifies for protection

and thus no trade dress in which the plaintiff has a proprietary right, the plaintiff cannot make out a claim for unfair competition based on the bad faith infringement of that trade dress.").

Therefore, the Defendant has failed to allege sufficient facts for the Court to find that its counterclaim for unjust enrichment or misappropriation of labor and skill under New York common law is plausible. Accordingly, the Plaintiff's motion to dismiss that counterclaim is granted.

### 6. The Defendant's Counterclaim for False Endorsement Under the Lanham Act

#### a. The Applicable Law

A claim for false endorsement under section 43(a)(1)(A) requires that the claimant allege "that the defendant, (1) in commerce, (2) made a false or misleading representation of fact (3) in connection with goods or services (4) that is likely to cause consumer confusion as to origin, sponsorship, or approval of the goods or services." *Burck v. Mars, Inc.,* 571 F. Supp. 2d 446, 455 (S.D.N.Y. 2008).

#### b. As to the Sufficiency of the Defendant's Counterclaim for False Endorsement Under the Lanham Act

The Defendant has not alleged what false or misleading representations of fact were made by the Plaintiff, and because it has failed to allege how the Defendant's and Plaintiff's products are similar, the Defendant has failed to show that the Plaintiff's costumes are likely to cause consumer confusion. *See Roberts v. Bliss*, 229 F. Supp. 3d 240, 251 (S.D.N.Y. 2017) ("Normally, the likelihood of confusion is a factual question, centering on the probable reactions of prospective purchasers of the parties' goods. But where Plaintiff "cannot possibly show confusion as to source or sponsorship claims can be dismissed as a matter of law." (quoting *Pirone v. MacMillan, Inc.,* 894 F.2d 579, 584 (2d Cir. 1990)). Therefore, the Defendant has failed to plead the necessary elements of such a claim.

Accordingly, the Plaintiff's motion to dismiss the Defendant's counterclaim for false endorsement under the Lanham Act is granted.

**D. As to the Defendant's Request for Leave to Amend**

Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Defendant has requested leave to amend in the event the Court grants any part of the Plaintiff's motion to dismiss.

The Defendant has failed to adequately plead any of its claims. Because these deficiencies may be cured with the addition of factual allegations, the Defendant is given thirty (30) days from the date of this Order to amend its answer. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Rule 15(a), leave to amend shall be freely given when justice so requires." (internal citations and quotation marks omitted)). While the Defendant did not state what facts would cure its deficiencies, the Court notes that it did provide copies of the parties' respective catalogs, which may support some of its claims. Yet, the Court notes again that merely supplying the photographs of the costumes and patterns will not be sufficient for many of the Defendant's counterclaims.

However, as stated above, any amendments relating to the Defendant's New York General Business Law claims would be futile, because the Defendant will be unable to plead any injury separate and apart from the Plaintiff's alleged copying of its intellectual property. Therefore, the Defendant's request for leave to amend those claims is denied. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962))).

## III. CONCLUSION

For the reasons stated above, the Plaintiff's motion to dismiss the Defendant's counterclaims is granted in its entirety. The Defendant's counterclaims brought pursuant to the N.Y. GEN. BUS. LAW are dismissed with prejudice. The Defendant's remaining counterclaims are dismissed without prejudice, and the Defendant is granted leave to replead those counterclaims. In this regard, the Defendant shall file an amended answer within thirty (30) days of entry of this Order. Failure to do so will result in the dismissal of the counterclaims with prejudice.

It is **SO ORDERED:**

Dated: Central Islip, New York

April 16, 2018

　　　　　　　　　　　　　　　　　　　　　___/s/ Arthur D. Spatt_____

　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT

　　　　　　　　　　　　　　　　　　　　　United States District Judge